IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAMIL RIVERA,

**Plaintiff,**

v.                                                          CIVIL NO. 19-1894 (GAG)

MARRIOTT INTERNATIONAL, INC.
and INTERNATIONAL HOSPITALITY
ENTERPRISES, INC.

**Defendants.**

## OPINION AND ORDER

Jamil Rivera ("Plaintiff") filed a class action suit against Marriott International, Inc. ("Marriott") and International Hospitality Enterprises, Inc. ("International") alleging unjust enrichment and fraud in the formation of a contract. (Docket No. 31). Plaintiff seeks injunctive and declaratory relief and demands restitution, actual damages, and any other relief under the laws of the Commonwealth of Puerto Rico. Id. ¶ 53.

Pending before the Court is Marriott and International's ("Defendants") Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6). (Docket Nos. 39; 40).[1]

Defendants argue that Plaintiff cannot allege unjust enrichment because there is a binding contract between the parties. (Docket No. 39 at 2). At the same time, Defendants posit that fraud in the formation of a contract claim fails because Plaintiff was cognizant of the alleged undisclosed resort fee when he booked online. Id. Rivera timely opposed Defendants' motions to dismiss. (Docket No. 46).

---

[1] Defendants are represented by the same legal counsel yet separately filed two motions to dismiss, putting forward similar legal arguments.

**Civil No. 19-1894 (GAG)**

Also before the Court is Defendants' motion for judicial notice requesting the use of "website printouts" as evidence in support of their motion to dismiss. (Docket No. 10).

After reviewing the parties' submissions and the pertinent law, the Court **DENIES** the motion for judicial notice at Docket No. 10 and Defendants' motions to dismiss at Docket Nos. 39; 40.

**I.    Relevant Facts and Procedural Background**

For purposes of these motions to dismiss, the Court accepts as true all the factual allegations in the Amended Complaint and construes all reasonable inferences in favor of Plaintiff. See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998).

On January 2016, Rivera stayed at the Courtyard Isla Verde Beach Resort, paying for a "resort fee"[2] calculated as a percentage of the room rate. (Docket No. 31 ¶ 2). Plaintiff was charged a room rate of $125.00 and a resort fee of $22.50 (18% of the room rate). Id. ¶ 28. Rivera alleges that Marriott and International represented that the resort fees covered the costs of undisclosed services and amenities, but Plaintiff was unable to determine which services were actually covered. Id. ¶ 49-50. Plaintiff, not knowing the services and amenities covered, argues that he was charged on multiple occasions for services or amenities. Id. ¶ 51.

On September 18, 2019, Rivera filed this class action suit against Defendants. Early in this litigation, the Court ruled that the motions to dismiss would be addressed before any action is taken as to class certification. (Docket No. 12). Notwithstanding, on December 5, 2019, Plaintiff filed an Amended Complaint and added a subsidiary fraud in the formation of a contract ("dolo") claim. (Docket No. 31). Plaintiff generally contends that Defendants charged a resort fee without disclosing its terms and conditions, the amenities and services covered, or if the fee is subject to

---

[2] According to the Amended Complaint, a "resort fee" is a per-room, per-night mandatory fee that a hotel or resort charges its guests in addition to the base room rate. (Docket No. 31 ¶ 13). Hotels and resorts charge this mandatory fee to provide guests with specific amenities such as parking, internet access, and the use of pools or health clubs. Id. ¶ 15.

2

any taxes. Id. ¶ 1. Rivera avers that concealing the terms and conditions and the covered amenities, along with charging a resort fee based on a percentage of the room rate instead of a flat fee, constitutes an unfair and unjust practice. (Docket No. 31 ¶ 41-42). Additionally, he posits that Defendants were enriched to the detriment of Plaintiff. Id. ¶ 43. Plaintiff also claims that the terms and conditions of the resort fees were intentionally concealed to defraud him. Id. ¶ 52.

Defendants' motions to dismiss

On January 20, 2020, Defendants separately filed motions to dismiss Plaintiff's Amended Complaint under FED. R. CIV. P. 12(b)(6). (Docket Nos. 39; 40). International argues that the unjust enrichment claim should be dismissed because Rivera voluntarily stayed in the hotel and agreed to the contract terms, which validly disclose the resort fee. (Docket No. 39 at 2). International posits that Plaintiff's dolo in the formation of the contract argument also fails given that the amount charged for the resort fee, the services and amenities covered by this fee, and its terms and conditions were plainly disclosed on the booking websites and there were no "insidious machinations, false representations or omissions" as required under Commonwealth law. Id. Moreover, it alleges that Plaintiff's dolo claim is subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, FED. R. CIV. P. 12(b)(6), and it does not meet either the plausibility or the heightened pleading standard. Id. at 23.

Likewise, Marriott moves to dismiss Rivera's amended complaint under similar legal grounds as International, but broadens its arguments as to the unjust enrichment claims. (Docket No. 40 at 2). Marriott also avers that Plaintiff's factual allegations fail to plead two necessary elements of the unjust enrichment claim: (1) "a 'correlative loss' or an 'impoverishment' suffered as a result of the purported enrichment and [(2)] lack of cause for an alleged enrichment." Id.

Plaintiff responded in opposition. (Docket No. 46) Defendants replied thereafter (Dockets Nos. 47; 48).

## II. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6), the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir.2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678–79. Second, the court must then "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels the court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678–79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the "factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

4

**Civil No. 19-1894 (GAG)**

Additionally, at the motion to dismiss stage, a Court may consider: (1) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (2) 'facts' susceptible to 'judicial notice,' and (3) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013); see also Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012). At the Court's discretion, if it chooses to consider materials outside the pleadings, a motion to dismiss should be converted to a motion for summary judgment. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). Although documents not attached to the complaint are prohibited unless the proceeding is properly converted into one for summary judgment under Rule 56, see FED. R. CIV. P. 12(b)(6), courts have made exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

**III.   Discussion**

As a threshold matter, the Court will first address Defendant International's Motion for Judicial Notice at Docket No. 10.

A.   Judicial Notice

International puts forward that it attached to its first motion to dismiss exhibits and "printouts of the websites specifically referenced in the complaint, which include information the Plaintiff conveniently omitted when he selected the excerpts he wanted to highlight." (Docket No. 10 ¶ 2). International argues that the Court should take judicial notice of these exhibits because the website printouts and the links displayed therein provide necessary information for this case and they "can accurately and readily be determined from sources whose accuracy cannot be reasonably questioned, which are the websites themselves." Id. ¶ 3. International reiterated these arguments

when its motion to dismiss was renewed. (Docket No. 39 at 4). Similarly, Marriott incorporated them when it filed its motion to dismiss. (Docket No. 40 at 4).

Plaintiff opposes the use of these attached exhibits and argues they are "outside the four corners of the Complaint." (Docket No. 46 at 6). Rivera avers that under FED. R. CIV. P. 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under FED. R. CIV. P. 56" and that all parties must be given a reasonable opportunity to present all the material evidence pertinent to the motion. Id. Furthermore, Plaintiff considers that at the motion to dismiss stage the Court may, "consider 'not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice' without converting the motion to dismiss into a motion for summary judgment." (Docket No. 46 at 6). Plaintiff discusses Barnstable County v. 3M Corporation, 2017 WL 6452245 (D. Mass. 2017), where the Court took judicial notice of documents presented by Defendants in support of their motion to dismiss, except a Power Point slide screenshot uploaded to a YouTube page. (Docket No. 46 at 6). The District Court for the District of Massachusetts refused to take judicial notice of said document because it did not have the "same level of reliability and accuracy as the other public documents judicially noticed in this case or those previously recognized by the First Circuit." Id. at 7.

Rivera argues that in the present case International and Marriott ask the Court to grant its motion to dismiss "based on unauthenticated screenshots of their websites advertising their hotel rooms in 2019, even though the unjust enrichment occurred in 2016." (Docket No. 46 at 7). Plaintiff avers that "the screenshots are not relevant, nor subject to being judicially noticed as they must be at this stage of the proceedings in order to be considered." Id. Finally, Plaintiff posits that the Court should not consider Defendants' exhibits or any arguments based on them "at this stage in the litigation prior to discovery." Id. If the Court does consider the exhibits, Plaintiff argues he

should be given reasonable opportunity to "conduct discovery on the issue of the nature and timing of Defendants' purported disclosures regarding the resort fees." Id.

In its reply, International avers that Plaintiff failed to timely object the exhibits presented in motion for judicial notice at Docket No. 10. (Docket No. 47 at 3). International argues that Plaintiff should not be allowed to allege that the screenshots lack of authentication since he waived this right under Local Rule 7(b). L. Cv. R. 7(b). Defendant states that the Court can consider the website printouts attached to its motions to dismiss without offending the Rule 12(b)(6) standard. (Docket No. 47 at 3). See Barnes v. Marriott Hotel Services, Inc., 2017 WL 635474, at *4 (N.D. Cal. 2017).

The Court disagrees with Defendants' contention and holds that these website printouts cannot be considered at this early stage of the proceedings pursuant to FED. R. EVID. 201(b), in agreement with the well-reasoned decisions by other district courts within the First Circuit.

Under Rule 201(b) of the Federal Rules of Evidence, a district court can take judicial notice of a fact not subject of reasonable dispute when it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).  The First Circuit has stringently applied Rule 201(b) because "accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." Total Petroleum Puerto Rico Corp. v. Torres-Caraballo, 672 F. Supp. 2d 252, 254-55 (D.P.R. 2009) (citing Lussier v. Runyon, 50 F.3d 1103, 1114 (1st Cir. 1995)). To take judicial notice under FED. R. EVID. 201(b)(1), the facts must "exist in the unaided memory of the populace; if the fact is one that a reasonable person would not know from memory but would know where to find, it falls within subdivision (2), not (1)." Total Petroleum Puerto Rico Corp., 672 F. Supp. 2d at 255 (quoting United States v. Bello, 194 F.3d 18, 23 (1st Cir. 1999)). Additionally, government documents may be subject to judicial notice, "on the ground that

information contained therein is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" Lussier v. Runyon, 50 F.3d 1103, 1114 (1st Cir. 1995). See also Burnett v. Ocean Properties, Ltd., Civil No. 16-00359 (JAW), 2018 WL 5316183 (D. Me. 2018).

    Nowadays, courts have to consider whether websites in general are appropriate sources for judicial notice. See Judicial notice of material on Internet, 29 Am. Jur. 2d Evidence § 95. Different district court across the United States have been reluctant to rely on them since "a fact is not necessarily 'generally known' simply because it easily can be found online." Coleen M. Barger, Challenging Judicial Notice of Facts on the Internet Under Federal Rule of Evidence 201, 48 U.S.F. L. REV. 43, 44 (2013). The First Circuit has not addressed this issue specifically, yet other district courts within the Circuit have so. See e.g. Starbrands Capital, LLC v. Original MW Inc., Civil No. 14-12270 (ADB), 2015 WL 13691435 (D. Mass. 2015); Sarvis v. Polyvore, Inc., Civil No. 12-12233 (LTS), 2015 WL 5934759, at *4 (D. Mass. 2015), report and recommendation adopted, Civil No. 12-12233, 2015 WL 6182226 (D. Mass. 2015); Seguin v. Textron, Civil No. 13012 (SJM-LM), 2013 WL 5704947, at *2 (D.R.I. 2013).

    Noteworthy, in Starbrands Capital, LLC, the Court, while assessing a website printout with unspecified dates, determined that it may take judicial notice of the contents of a website to establish that the information was public, but "[i]t would be inappropriate, however, to take judicial notice of this material for the purpose of establishing the truth of its contents." Starbrands Capital, LLC, 2015 WL 13691435 at *4. The Court also stated that "private corporate websites, particularly when describing their own business, *generally are not the sorts of sources whose accuracy cannot reasonably be questioned*." Id. (citing Victaulic Co. v. Tieman, 499 F. 3d 227, 236 (3d Cir. 2007)) (emphasis added). It would be different, however, to take judicial notice of an official government website. See Gent v. CUNA Mut. Ins. Soc'y, 611 F. 3d 79, 84 n. 5 (1st Cir. 2010)

8

(taking "judicial notice of the relevant facts provided on the [Center for Disease Control's] website, which are "not subject to reasonable dispute").

At the outset, the Court stresses that even though Plaintiff may have failed to timely object Defendant International's non-dispositive motion for judicial notice (Docket No. 10), this does not imply that the Court has to automatically allow these exhibits. This is not how our federal judicial system works. See Pinto v. Universidad De Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990) ("We do not agree with defendant that a court may, without notice, take a failure to respond to a motion . . . as a default, warranting dismissal irrespective of substantive merit.").

The effect of judicial notice "is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence" and thus a Court must be cautious when "determining that a fact is beyond controversy under Rule 201(b)." Cruz-Acevedo v. Toledo-Davila, 660 F. Supp. 2d 205 (D.P.R. 2009). The Court has made its own inquiry as to this issue of law and determines that it cannot take judicial notice of the website printouts. Moreover, the issue is essential to the parties' arguments in the motion to dismiss and opposition; hence, the Court can evaluate Plaintiff's position on this matter.

Defendant International described the website printouts as: (1) printouts of several pages of Defendant's website; (2) Printout of several pages of Expedia's website, relating to booking at the Courtyard; (3) Printout of several pages of Booking.com's website, relating to booking at the Courtyard, and (4) printouts of several pages of Priceline's website, relating to booking at the Courtyard. (Docket No. 10 ¶ 2). The purpose of attaching these exhibits is to prove the fact that "when a person makes a reservation via a hotel or third-party website, unless the guest cancels the reservation prior to arrival, the hotel is bound to honor such reservation." Id. at 4-5.[3]

---

[3] International, in its reply to Plaintiff´s opposition, states that the Court should consider the printouts attached, referring to non-binding case law in Ford v. Hotwire, Inc., 2007 WL 6235779 (S.D. Cal. 2007).

**Civil No. 19-1894 (GAG)**

The Court considers that the website printouts are not reliable sources and it would be inappropriate to take judicial notice of an exhibit "for the purpose of establishing the truth of its contents;" that is, what allegedly happens when a person makes a hotel reservation through Defendants' company website. Starbrands Capital, LLC, 2015 WL 13691435 at *4. These website printouts are not official public records, from a federal government website, but rather from a commercial website. Although the printouts show the resort fee was disclosed in the process of booking a room, the reservation dates are from December 2019, while Plaintiff´s claims are from 2016. Websites can change through time, the printouts attached simply show what the websites disclosed when the screenshots were taken and cannot accurately establish that the same disclosures were made when Plaintiff's booked its reservation.

Moreover, these exhibits go to the heart of this case' controversy: the existence, or not, of a contract between the parties. Defendants posit that Plaintiff entered into a contractual relationship with them when he booked a reservation via the hotel websites or a third-party website. (Docket No. 39 at 9). This is an issue of fact that requires conducting discovery. Taking all of this into account, it would be contrary to the 12(b)(6) motion to dismiss standard to allow these attached exhibits and it is within the Court's discretion not convert this motion to dismiss into a motion for summary judgment. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008). Consequently, the printouts attached to Defendants' motions will not be taken into account during this stage of the proceedings; they are not official public records and Plaintiff properly disputed their authenticity. See Watterson, 987 F.2d at 3.

For all the forgoing reasons, the Court **DENIES** Defendants' motion for judicial notice at Docket No. 10.

B. <u>Defendants' Motions to dismiss</u>

    a. <u>Unjust Enrichment</u>

Defendants primarily allege the existence of a contract between Plaintiff and the Courtyard Hotel and that it arose when Plaintiff booked the reservation through a third-party website. (Docket No. 39 at 9). Defendants contend that the precluding contract between the parties excludes the applicability of the unjust enrichment claim, thus it should be dismissed. <u>Id.</u> at 13-14. Marriott, in its motion to dismiss, further argued that the unjust enrichment claim should be dismissed because Plaintiff failed to plead: a "correlative loss" or "impoverishment" based on the resort fee charges. (Docket No. 40 at 12).

In Plaintiff's opposition to the motions to dismiss, he alleges that: (1) the element of the contract's object was missing because the terms and conditions and resort fee's services and amenities were not disclosed; (2) the element of consent was not fulfilled because Plaintiff did not know who the contracting parties were. (Docket No. 46 at 7, 8). Plaintiff argues that dismissal of the unjust enrichment claim is inappropriate, and discovery is warranted to determine if a contract existed between the parties with respect to the resort fees. <u>Id.</u> at 8. Defendants, in reply to Plaintiff's opposition, aver that the object of the contract was to stay at the hotel and the allegation of not knowing the identity of the contracting parties is "disingenuous" since Plaintiff sued Marriott and International and the claims show both "are payees." (Docket. No. 47 at 4, 5). Defendants argue that "regardless of who is the ultimate payee" a valid contract was formed, with the 18% resort fee disclosed, and no discovery is necessary to determine that Plaintiff voluntarily agreed to the contract terms. <u>Id.</u> at 5.

To prove a claim for unjust enrichment under Puerto Rico law, "[t]he following requirements must be present: (1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding

11

application of enrichment without cause." Montalvo v. LT's Benjamin Records, Inc., 56 F. Supp. 3d 121, 136 (D.P.R. 2014) (citing Hatton v. Municipality of Ponce, 1994 P.R.-Eng. 909605, 134 D.P.R. 1001 (1994)); see P.R. LAWS ANN. tit. 31, § 2992. The doctrine of unjust enrichment does not apply where there is a contract that governs the dispute at issue. See Montalvo, 56 F. Supp. 3d at 136; see also Puerto Rico Tel. Co. v. SprintCom, Inc., 662 F.3d 74, 97 (1st Cir. 2011).

Under Commonwealth law to form a valid contract, the Puerto Rico Civil Code requires the following elements: (1) consent of the contracting parties; (2) a definite object which may be the subject of contract; and (3) cause for the obligation that is being established. See Burk v. Paulen, 100 F. Supp. 3d 126, 133 (D.P.R. 2015); P.R. LAWS ANN. tit.31, § 3391. "A contract exists from the moment one or more persons consent to bind himself or themselves, with regard to another or others, to give something or to render some service." Burk, 100 F. Supp. 3d at 133; P.R. LAWS ANN. tit. 31, § 3371.

In this case, Plaintiff denies the existence of a valid contract between him and Defendants. When there is dispute or ambiguity in a contract, during the motion to dismiss stage, a court "should resolve any contractual ambiguities in favor of the plaintiff." Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 231 (1st Cir. 2013) (citing Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005)). The Court, accepting as true all the factual allegations in the Amended Complaint and construing all reasonable inferences in favor of Plaintiff, agrees with Rivera that there is a factual dispute as to the existence of contract between the parties. See Schatz, 669 F.3d at 55. Thus, the Court cannot properly address an unjust enrichment claim at the motion to dismiss stage.

Since the Court did not take judicial notice of the screenshots attached to Defendants' motions to dismiss, it holds that discovery is necessary to determine if the alleged agreement through the webpage constitutes a valid contract. Plaintiff has reasonably pled a plausibility

scenario where discovery could reveal the absence of a valid contract between the parties, which would ultimately support its assertion for relief under the unjust enrichment doctrine. See Twombly, 550 U.S. at 556. Without establishing the existence of a valid contract, Plaintiff's unjust enrichment claim cannot be entertained. After discovery, the Court may revisit this argument, if Defendants so request.

For all the foregoing reasons, this Court **DENIES** Defendants motions to dismiss at Docket Nos. 39; 40, as to Plaintiff's unjust enrichment claim.

      b.   Fraud in the Formation of a Contract (Dolo)

Defendants argue that Plaintiff's dolo claim fails because, as shown by Plaintiff's allegations and exhibits attached to the amended complaint, the booking pages adequately disclosed the existence and amount of the resort fee. (Docket No. 39 at 17-18). Defendants further posit that Plaintiff fails to allege the website information that deceived him or that he even read its terms and conditions; thus, that Rivera failed to establish Defendant's intent to defraud. Id. at 21. Plaintiff, in his opposition, states that Defendants charged a percentage resort fee which allowed Defendants to increase their profit margin when the room rates are higher. (Docket No. 46 at 13). Rivera argues the dolo allegations are based on the intentional concealment of the terms and conditions and amenities covered by the resort fee with the purpose to defraud and that he was unable to determine what amenities were covered, which resulted in "being charged on multiple occasions for a single service". Id. In their replies to Plaintiff's opposition, Defendants argue that Plaintiff has not alleged that the resort fee did not cover amenities and the fact that Plaintiff could not determine the services covered by the fee is immaterial. (Docket No. 47 at 8).

Under Puerto Rico law, "fraud that affects a contracting party is commonly referred to as "dolo" or deceit." Burk, 100 F. Supp. 3d at 134; Fournier v. Eastern Airlines, Inc., 655 F. Supp. 1037, 1038–39 (D.P.R.1987). The Civil Code establishes that an agreement may be null when the

consent of a party is given based on the deceit of another. Burk, 100 F. Supp. 3d at 134; see P.R. LAWS ANN. tit. 31, § 3404. "Such deceit occurs 'when by words or insidious machinations on the part of one of the contracting parties the other is induced to execute a contract which without them he would not have made.'" Burk, 100 F. Supp. 3d at 134; P.R. LAWS ANN. tit. 31, § 3408. At the same time, dolo is "'substantial" ("grave"), when it determines the consent of a party, or "incidental" when it merely influences the consent." Burk, 100 F. Supp. 3d at 134; P.R. LAWS ANN. tit. 31, § 3409; P.C.M.E. Commercial, S.E. v. Pace Membership Warehouse, Inc., 952 F.Supp. 84, 92 (D.P.R.1997).

Dolo may occur in two moments: "(1) dolo in the formation of contracts, and (2) dolo in the performance of contractual obligations." Portugues Santana v. Rekomdiv Int'l, 657 F.3d 56, 60 (1st Cir. 2011). See also Estate of Berganzo-Colón ex rel. Berganzo v. Ambush, 704 F.3d 33 (1st Cir. 2013); P.C.M.E. Commercial, S.E., 952 F. Supp. at 92 (D.P.R. 1997). In a dolo in the formation of a contract claim, Plaintiff must establish: "(1) a false representation by the defendant; (2) the plaintiff's reasonable and foreseeable reliance thereon; (3) injury to the plaintiff as a result of the reliance; and (4) an intent to defraud." Burk, 100 F. Supp. 3d at 134 (citing Portugues Santana, 657 F.3d at 62).

Once again, the Court, accepting as true all the factual allegations in the Amended Complaint and construing all reasonable inferences in favor of Plaintiff, agrees with Rivera that there is a factual dispute as to the existence of contract between the parties. See Schatz, 669 F.3d at 55. Hence, the Court cannot properly address a fraud in a formation of a contract (dolo) claim at a motion to dismiss stage. Plaintiff's subsidiary dolo claim can only be consider if a valid contract exists. As previously stated, the Court did not take judicial notice of Defendants' exhibits which were intended to prove the existence of a contract between the parties. The Court cannot then resolve dolo dismissal claim until this issue of fact is resolved. Plaintiff's factual allegations

**Civil No. 19-1894 (GAG)**

regarding Defendants alleged concealment of the booking's terms and conditions and his purported injury as a result of this non-disclosure, sufficiently comply with the plausibility standard required under Rule 12(b)(6). Similarly, to the unjust enrichment claim, after discovery, the Court may revisit this argument, if Defendants so request it.

Consequently, the Court **DENIES** Defendants motions to dismiss at Docket Nos. 39; 40, regarding Plaintiff's request for damages under the dolo doctrine.

### IV. Conclusion

As final thought, the Court reminds the parties that a complaint should not be "dismissed merely because [it] believes that the case is legally or factually doubtful or that it is unlikely that the plaintiff will prevail in the action on the merits." Twombly, 550 U.S. at 554. During this early stage of the proceedings, a Plaintiff's complaint must simply contain enough facts that plausibly support a claim for relief. Id. at 570. The plausibility standard requires that these facts "raise reasonable expectation that discovery will reveal evidence." Id. at 556. In this case, Plaintiff has plausibly shown that through a process of discovery the Court may reveal the existence, or lack thereof, of a contract between the parties, that would determine if the unjust enrichment and dolo claims proceed on the merits.

For the reasons expressed above, the Court **DENIES** Defendants' motions to dismiss. (Dockets No. 39; 40).

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of April, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge